THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| ROY RASHAD WELLS EL,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>　　　　　　Defendant. | CASE NO. C23-1408-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for default judgment. (Dkt. No. 7). Having thoroughly considered the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

To secure a default judgment, a plaintiff must follow a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, they must obtain the clerk's entry of default, and second, successfully move for a judgment on that default. *Id.* As a preliminary matter, though, the plaintiff must show by affidavit proper service on the defaulting defendant, through summons with an attached complaint. LCR 55(a), (b)(1); *see also Joe Hand Promotions, Inc. v. Talayarathe*, 2012 WL 1815622, at 2 (N.D. Cal. 2012) ("Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.") (quoting *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1269 n.12 (D. Kan. 2008)). Once service of process is documented, the clerk may then enter default, but only if the plaintiff affirmatively

requests that the clerk do so and, in doing so, provides an affidavit of the amount due. *See* Fed. R. Civ. P. 55(b)(1); LCR 55. In addition, a plaintiff seeking default judgment "shall provide a concise explanation of how all amounts were calculated and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought. If the claim is based on a contract, plaintiff shall provide the court with a copy of the contract and cite the relevant provisions." LCR 55(b)(2)(A).

Plaintiff has failed the threshold step—he fails to demonstrate proper service. To properly serve a corporation such as Defendant here, Plaintiff must "deliver[ ] a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process," Fed. R. Civ. P. 4(h)(1)(B), or "follow[ ] the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(h)(1)(A). *See* Fed. R. Civ. P. 4(e)(1). Rule 4(h) "requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." *Atanda v. Norgren (IMI Precision Eng'g)*, 2021 WL 2805322, slip op. at 2 (W.D. Wash. 2021). Similarly, Washington law provides for personal service, unless circumstances justify service by publication, or an applicable statute or court order provides for service by other means. *See* Wash. Civ. R. 4(d)–(e); RCW 4.28.080 (personal service statute); RCW 4.28.100 (service by publication statute); RCW 4.22.090 (service on corporation without officer in state upon whom process can be served); RCW 4.28.180 (personal service out-of-state).

In this case, Plaintiff first moved for default judgment on October 10, 2023. (Dkt. No. 7.) The Court responded by instructing him to provide an affidavit of service and move for entry of a default for a sum certain pursuant to Rule 4(l) and Rule 55(b)(1). (Dkt. No. 8.) Plaintiff then provided an affidavit stating he mailed copies of the summons and complaint to Defendant Navy Federal Credit Union, a corporation based in Virginia, and that he seeks relief in the amount of

$75,000. (Dkt. No. 9.) The affidavit is deficient in two ways. (*See* Dkt. No. 8.) First, Plaintiff fails to demonstrate service *in a manner authorized by Rule 4*. As previously stated, both the Federal Rules of Civil Procedure and Washington law generally require personal service on a corporation's authorized agent, and Plaintiff has cited no reason why service by mail is proper in this case. Second, even if service were proper, Plaintiff fails to explain how he calculated the $75,000 amount and has not otherwise comported with the requirements of Local Civil Rule 55.

For the foregoing reasons, the Court DENIES Plaintiff's motion for default judgment without prejudice (Dkt. No. 7). Before refiling another motion, Plaintiff would be advised to consult Federal Rules of Civil Procedure 4 and 55, LCR 55, and the above-mentioned Washington statutes.

DATED this 23rd day of October 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE