THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| ROY RASHAD WELLS EL, | CASE NO. C23-1408-JCC |
| Plaintiff, | ORDER |
| v. | |
| NAVY FEDERAL CREDIT UNION, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's second motion for default judgment. (Dkt. No. 12). Having thoroughly considered the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Plaintiff first moved for default judgment on October 10, 2023. (Dkt. No. 7.) In his corresponding affidavit, Plaintiff stated he mailed copies of the summons and complaint to Defendant Navy Federal Credit Union, a corporation based in Virginia, and that he seeks relief in the amount of $75,000. (Dkt. No. 9.) The Court denied Plaintiff's motion because, among other things, "both the Federal Rules of Civil Procedure and Washington law generally require **personal service** on a corporation's authorized agent, and Plaintiff has cited no reason why service by mail is proper in this case." (Dkt. No. 11 at 2.) (emphasis added). The Court stated the requirements for default judgment in that order, (*see generally id.*), and will not repeat them here.

1   Plaintiff now renews his motion for default judgment but, again, fails to demonstrate

2   proper service. (Dkt. No. 12.) Instead, Plaintiff indicates he "filed the foregoing with the Clerk of

3   Court by mail and to the defendant's attorney." (Dkt. No. 12 at 2.) As the Court has already

4   explained, "Rule 4(h) 'requires personal service on someone at the corporation, and **service by**

5   **mail . . . is not sufficient**.'" (Dkt. No. 11 at 2.) (quoting *Atanda v. Norgren (IMI Precision*

6   *Eng'g)*, 2021 WL 2805322, slip op. at 2 (W.D. Wash. 2021)) (emphasis added). Furthermore, the

7   Federal Rules require that a summons and complaint be served by "[a]ny person who is at least

8   18 years old and **not a party to the action**." *Rosco v. Experian Info. Sols.*, 2018 WL 11512624,

9   slip op. at 1 (E.D. Wash. 2018) (citing Fed. R. Civ. P. 4(c)(2)) (emphasis added). And here,

10   Plaintiff appears to be attempting to serve the summons and complaint himself (rather than

11   through a process server or qualified third party). (*See* Dkt. No. 12 at 2.)

12   For the foregoing reasons, the Court DENIES Plaintiff's motion for default judgment,

13   again without prejudice (Dkt. No. 12). The Court will allow Plaintiff one final attempt at proper

14   service, before it orders Plaintiff to show cause why this case should not be dismissed for lack of

15   prosecution.

16   DATED this 9th day of November 2023.

17

18

19

20   John C. Coughenour
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

ORDER
C23-1408-JCC
PAGE - 2