1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROY RASHAD WELLS EL,

Plaintiff,

v.

NAVY FEDERAL CREDIT UNION,

Defendants.

CASE NO. C23-1408-JCC

ORDER

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 19). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

On September 13, 2021, Plaintiff entered into an automobile loan contract with Defendant Navy Federal Credit Union. (Dkt. No. 5 at 1.) To the extent the Court can discern his allegations, Plaintiff claims Defendant failed to properly disclose that it would securitize the loan—a process that "effectively converted [the] loan into an asset-backed security." (*Id.*) He further claims that Defendant failed to properly perfect the security interest, including by failing to file a financing statement. (*Id.*) Accordingly, Plaintiff alleges violations of the Truth in Lending Act ("TILA") and Regulation Z, as well as Uniform Commercial Code ("UCC") §§ 3-301, 3-604. (*Id.* at 1–2.) Defendant moves to dismiss for failure to state a claim under

ORDER
C23-1408-JCC
PAGE - 1

1   Federal Rule of Civil Procedure 12(b)(6).[1]

2         A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

3   relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss on this basis, the

4   Court must be able to conclude that the moving party is entitled to judgment as a matter of law,

5   even after accepting all factual allegations in the complaint as true and construing them in the

6   light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.

7   2009). To survive a motion to dismiss, a claim must have "enough facts to state a claim to relief

8   that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Although

9   courts must give liberal construction to the filings of *pro se* litigants, *Blaisdell v. Frappiea*, 729

10  F.3d 1237, 1241 (9th Cir. 2013), a *pro se* plaintiff must still satisfy the pleading requirements of

11  Rule 8. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

12        As an initial matter, Plaintiff's TILA claim is time barred.[2] 15 U.S.C. § 1640(e) provides

13  that "any action under [TILA] may be brought . . . within one year from the date of the

14  occurrence of the violation . . . ."[3] Thus, Defendant's failure to disclose would have occurred, if

15  at all, at the time the parties entered into a contract on September 13, 2021. (*See* Dkt. No. 5 at 1.)

16  Because Plaintiff failed to bring his TILA claim until two years after it accrued, the claim is

17  untimely. *See King v. California*, 781 F.2d 910, 915 (9th Cir. 1986) ("[T]he limitations period in

18

19

20

---

21  [1] Defendant asks that the Court disregard Plaintiff's reply because it was untimely. (*See* Dkt. No.
22  22.) But since the Court's conclusion would be the same regardless, Defendant's request is moot.

    [2] Plaintiff also cites Regulation Z, 12 C.F.R. § 226 et seq., in conjunction with this claim.
23  Regulation Z, which was promulgated to implement TILA, sets out disclosure obligations under
    TILA. *See United States v. Petroff-Kline*, 557 F.3d 285, 294 (6th Cir. 2009). Because the TILA
24  claim is time barred, the Court will not consider whether Regulation Z imposes the obligation
25  Plaintiff alleges.

26  [3] This section contains exceptions for actions involving private education loans or mortgage
    loans, neither of which Plaintiff alleges.

ORDER
C23-1408-JCC
PAGE - 2

1  Section 1640(e) runs from the date on consummation of the transaction . . . .").[4]

2      Plaintiff's UCC claims also fail. While UCC claims are not recognized under state or

3  federal law, Washington state has codified UCC § 3-301 and § 3-604 in RCW 62A.3-301 and

4  62A.3-604, respectively. Construing the complaint liberally and in the light most favorable to

5  Plaintiff, he intended to sue under these state law statutes. However, neither statute provides a

6  relevant cause of action, *see* RCW 62A.3-118 (listing various causes of action), and Plaintiff

7  does not allege any cognizable injury. To the extent that Plaintiff is seeking a declaratory

8  judgment as to the enforceability of the note, his sole theory for relief is that he was released

9  from any obligation to pay the debt when Defendant sold the note. (*See* Dkt. No. 5 at 1–2.) This

10  theory is wholly unsupported and has been rejected by courts throughout the country. *See, e.g.*,

11  *Hudson v. Scharf*, 2022 WL 226077, slip op. at 3 (W.D. Wash. 2022) (rejecting the theory that

12  reassignment of a loan canceled the debtor's obligation under the UCC); *In re Nordeen*, 495 B.R.

13  468, 579 (B.A.P. 9th Cir. 2013) (finding the theory that transfer of a promissory note relieves the

14  debtor from his obligations "completely without merit").

15      For the reasons described above, Defendant's motion to dismiss (Dkt. No. 19) is

16  GRANTED. Plaintiff's claims are DISMISSED with prejudice.

17      DATED this 31st day of January 2024.

18

19

20  _____

21  John C. Coughenour
    UNITED STATES DISTRICT JUDGE

22

23

24

25  [4] In some circumstances, the doctrine of equitable tolling may apply until the borrower discovers
    or has reasonable opportunity to discover the nondisclosure. *Id.* at 914–15. But since Plaintiff has
26  not relied on this doctrine, his TILA claim is deemed time barred.